## COURT OF PROBATE OF GLOCESTER *v.* ALEXANDER EDDY and others.

In a suit upon an administrator's bond, upon an issue that the administrator refused and neglected to account when cited by the Court of Probate, it is not necessary to prove that the bond had been approved by the Court of Probate.
After the neglect by an administrator to render an account, when directed so to do by a Court of Probate, a subsequent rendering of such an account, which is pronounced unsatisfactory by the Court, and the rendering of still another at a later date, upon which no decree is made by the Court, do not constitute in law a waiver of the first breach. They are but evidence of such waiver.
Upon an issue whether there has been a breach of an administrator's bond by a refusal to file an account on a certain day, as required by an order of Court, the fact that the administrator files what purports to be such an account, but which is pronounced unsatisfactory, three months after the time prescribed by the order, and the fact that fifteen months thereafter he files again a statement which purports to be such account, which the Court postpones for consideration, but which never becomes the subject of further action on the part of the Court or of the administrator, though suit is brought upon such bond after such proceedings, do not, in point of law, entitle the defendant to a verdict in his favor upon such issue.

THIS was an action upon an administrator's bond; and the motion for a new trial was for alleged errors in the rulings of the judge upon the trial before the jury of certain issues in the action. The facts and rulings are fully stated in the motion filed by the defendant, which motion was as follows:—

This was an action on a bond of defendant, Alexander Eddy, as principal, and the other defendants as his sureties, conditioned in the usual form of an administrator's bond, the said Alexander being administrator on the estate of Amasa A. Eddy, late of Glocester, deceased, and this being his bond as such administrator.

The suit was for the benefit of Otis Sayles, a creditor of said estate, and all other parties interested in said estate, being brought under the 15th sec. of chap. 163 Revised Statutes, page 385.

The plaintiff did not prove, either by the records of the Court of Probate of Glocester, or by any other testimony than as

stated below, that the bond required by said section to be given by plaintiff was ever received, ordered to be filed, or approved, or voted satisfactory by said Court of Probate, as is required by said section to be done. Plaintiff simply showed that the bond sued was found in the office of the clerk of Probate among the papers relating to this estate, that there was no file mark or any other endorsement on it. On the contrary, defendant showed by the certificate of the clerk of Probate that there was no record in the probate records of any order, decree or vote of said Probate Court directing said bond to be received, or filed, or recorded, or approving the same as satisfactory. This was not plead in abatement, and the issues to jury had been joined.

Under this state of facts the defendant asked the court to rule that the plaintiff, in order to have or maintain his suit, must show affirmatively, and as a condition precedent, before he closes his testimony in chief, that said bond was approved, or voted satisfactory, before it could be offered in evidence, and that if offered without this approval being shown, the suit must be dismissed. Which ruling the court refused to give, but did rule that it was too late to take advantage of this defect after issue had been joined to the jury on other points involving the merits of the suit, and that this defect (if a defect) should have been pleaded in abatement, and permitted the bond to be offered, and refused to nonsuit plaintiff or dismiss the action. To which rulings the defendants excepted.

The only issue left to the jury by the court was, whether or not defendant did, *though cited by said Court of Probate so to do*, render to said Court of Probate an account of his administration on said estate.

It appeared in proof that said Court of Probate did on the 9th day of August, A. D. 1862, upon complaint of said Otis Sayles, in writing, order said administrator to be cited to present his account for settlement on the second Saturday of September, A. D. 1862. But it did not appear that any citation on this order was ever issued or served.

It also appeared, that on the 13th day of September, 1862, said Probate Court again ordered said defendant, administrator,

to be cited to appear before said court on the 11th day of October, A. D. 1862, and settle his account as administrator on said estate. That upon said order a citation was, on the 29th of September, A. D. 1862, issued by the clerk of Probate, and served on said defendant administrator, on the 2d of October, A. D. 1862.

The Clerk of Probate testified, that it did not appear from any record in the probate office that said defendant, administrator, did on that day appear or render, or settle any account of his administration on said estate, before or with said Probate Court.

It further appeared in proof, that on said 11th day of October, A. D. 1862, the said Court of Probate again ordered said defendant, administrator, to be cited to appear before said court on the second Saturday of January, A. D. 1863, and *render his account on said estate for settlement.*

That the citation dated October 11th, 1862, recited that Otis Sayles, one of the creditors of said estate, had represented in writing that said defendant, administrator, had never settled any account of his doings with said estate, and requested that said administrator *be cited to appear before this court and account on oath for the property and estate of said deceased by him received,* and that said petition was referred to the second Saturday of January, A. D. 1863, and that notice was ordered to be given to said defendant, administrator, as aforesaid, therefore the officer is therein *directed to cite said defendant, administrator, to appear at said time and place, if he sees fit, and be heard in relation to the same.* The citation of October 11, 1862, was served October 27, 1862. The officer's return of his service was as follows:—

"I have notified the within named, Alexander Eddy, as the within said citation required."

No record, or copy, or proof of any such petition in writing of Otis Sayles, as is named in this citation, was offered or produced.

It further appeared that the said Probate Court again, on the 13th of December, A. D. 1862, ordered said defendant administrator, to appear before them on the second Saturday of January, 1863, and show cause why he has neglected to settle his account as administrator on said estate.

That said citation was dated December 13th, 1862, and was served on the defendant, administrator, on the 29th day of December, 1862.

This citation also recited that the order was made upon a representation, or petition in writing of said Otis Sayles, that said Eddy had not settled any account, and a request that he be cited to appear and account upon oath.

It further appeared by said records, that on the 13th of January, A. D. 1863, said defendant, administrator, did appear, and in writing presented his reasons to said court why he had not settled his accounts as administrator on said estate. That said Court of Probate voted that said reasons were not satisfactory. That thereupon, to wit, on the 19th of January, A. D. 1863, said defendant, administrator, lodged with the clerk of said Probate Court his account as administrator on said estate, which came before said Court of Probate on the 14th of February, A. D. 1863, and was by said Court received, and the consideration referred to the second Saturday of March, A. D. 1863, and notice thereof ordered to be given ; that on the 14th day of March, A. D. 1863, the said Court of Probate ordered that the consideration of the settlement of said account be indefinitely postponed, the same being deemed imperfect and unsatisfactory.

It further appeared that, on the 12th day of December, A. D. 1863, upon the request of said Sayles, the said Court of Probate again ordered that said defendant, administrator, be notified to appear before said Court on the second Saturday of January, A. D. 1864, and show cause why he has neglected to settle his account on said estate according to law. That a citation, dated December 12, 1863, to that effect, was served on said defendant, administrator, on the 2d of January, A. D. 1864. That on the second Saturday of January, A. D. 1864, said Eddy did appear and rendered certain reasons for said neglect, whereupon it was ordered, that said reasons are not satisfactory, by said court. That thereupon said administrator lodged with the clerk of said Probate Court, on the 19th of January, 1864, his second account, which came before said Court of Probate on the 13th of February, 1864, and was then by them received, and the con-

sideration thereof referred to the second Saturday of March, A. D. 1864, and notice ordered to be given thereof; that on said second Saturday of March, A. D. 1864, it was further postponed to the third Monday of March, A. D. 1864, and that no order or decree has ever been since made, disposing of the same.

It further appeared, that on the 13th day of February, A. D. 1864, said Court of Probate, upon the complaint and request in writing of Otis Sayles aforesaid and others, that said defendant, administrator, be removed, ordered the said Alexander Eddy to be notified to appear on the seventh day of March, A. D. 1864, to be heard thereon; that on said seventh day of March, A. D. 1864, said Court of Probate ordered that he be removed from his office, as administrator on said estate.

It further appeared, that on the 13th day of August, A. D. 1859, the said Court of Probate ordered and decreed that said defendant, administrator, be authorized to sell at private sale, the whole or such part of the inventory of said estate as he shall deem most for the interest of said estate.

Whereupon the defendant asked the court to rule and instruct the jury, that the Court of Probate aforesaid, by ordering, on the 11th day of October, A. D. 1862, a citation to issue to said Eddy, administrator as aforesaid, notifying him to render his account on said estate for settlement on the second Saturday of January, A. D. 1863, and again by ordering, on the 13th of December, 1862, a citation to issue to said defendant administrator, notifying him to appear before said Court on the 13th of January, 1863, and show cause why he had neglected to render his account, and by receiving on the 14th of February, A. D. 1863, his account, and ordering notice thereon, and fixing a day for the consideration thereof, to wit, the second Saturday of March, A. D. 1863, and then taking jurisdiction of and considering the same; and by ordering on the 12th of December, A. D., 1863, a citation to issue to said defendant administrator, notifying him to appear before said Court on the 13th of January, A. D. 1864, and show cause why he had neglected to render his account, and receiving on the 14th of February, 1864, the second account of said defendant, administrator, of his administration on said

estate, and ordering notice thereon, and fixing a day for the consideration thereof, and then taking jurisdiction thereof and postponing the consideration thereof to another fixed time, to wit: the third Monday in March, A. D. 1864, and never rejecting the same, had waived the breach (if any there was) of the bond aforesaid, arising from the non-presentation of an account by said defendant, administrator, to said Court of Probate, on the eleventh day of October, A. D. 1862, in accordance with the requirement of the order of said court, dated September 13th, 1862, and of the citation thereon, dated September 29th, 1862, and served October 2d, 1862, and that, therefore, plaintiffs were not entitled to recover, as-that was the the only time plaintiffs had proved that defendant, administrator, had ever been cited to render his account to said Court of Probate : which ruling and instruction said court refused to give, but, on the contrary, instructed said jury that said acts by said court were not, in law; a waiver of said alleged breach of said bond, but were evidence of a waiver to be taken in connection with other circumstances, to determine whether there had been a waiver by that court of said alleged breach of said bond, to which ruling and instruction the defendant excepted.

The counsel for the defendant further requested the court to rule and instruct the jury, that the defendant, administrator, by rendering his account of his administration on said estate, on the 19th day of January, A. D. 1863, and which came before the court for settlement on the 14th day of February, A. D. 1864, and being examined on oath thereon, and by again rendering his account to said court, on the 19th of January, A. D. 1866, and having the same received and considered by said court, the said suit on said bond not having been commenced on said bond till March 7th, 1864, did comply with the condition of said bond and the law relative to the rendering of accounts by administrators when cited, and that if said defendant, administrator, did present an account of his administration on said estate to said Court of Probate at any time after the time when he was cited so to do, and before suit had been commenced on said bond, and

the court received said account and took jurisdiction thereof, so far as the facts hereinbefore stated show, it was a compliance with the conditions of said bond, and of the law with respect to the rendering of administrators accounts, and the plaintiff could not recover, as there was no other breach in issue except the failure to account when cited : which ruling the court refused to give, but ruled that the failure of the administrator to account on the 11th day of October, A. D. 1862, when he had been cited so to do, constituted a breach of the bond aforesaid, and the subsequent accounting by the defendant was not a compliance with the requirements of the court and of the law.

To which ruling the defendant excepted.

The motion was argued by GEORGE H. BROWNE, for the defendant, upon the following brief :

I. The court erred in not ruling out the so called bond of indemnity to the Court of Probate, securing said Court of Probate against all expenses and costs in this suit, offered as evidence by plaintiffs in original cause, and in permitting plaintiffs to go on with the trial of said cause when plaintiffs failed to prove by record that said so called bond had been approved, or in some way voted to be satisfactory, by said Court of Probate. Revised Statutes page 385, Sec. 15, *Fay* v. *Rogers*, 2 Gray, 175. Any decree on this subject (leave to sue the bond) should be in writing, and proved the same as other decrees. *Mathews* v. *Patterson*, 42, Maine 247. " Each probate bond to be valid must be specifically approved by the judge, including a bond for appeal." This was in the nature of a motion for nonsuit, or to dismiss for want of proper evidence, and was therefore properly taken. It was necessary for plaintiffs, in order to maintain their action, to show that such a bond had been given and *approved or voted satisfactory.* On trial they failed to do this, and defendants moved for nonsuit, and on charge requested the judge to charge that record evidence of the approval of the bond must be given by plaintiff, or that suit could not be maintained, or a verdict must be returned for defendants. The judge refused to do this.

II. The court erred in instructing the jury that the acts of

the Court of Probate of Glocester, of October 11, 1862, and subsequently, in ordering new citations to issue to defendant administrator, and in accepting and acting upon his accounts at five several times afterward when the same was rendered, to wit : February 14th, 1863, the second Saturday of March, 1863, and again on December 12, 1863, and February 14, 1864, and the third Monday of March, A. D. 1864, did not waive the neglect of the administrator to render his account on the 11th of October, 1863,—and in not instructing the jury that such acts constituted a waiver of the laches of said administrator. *Paine* v. *Moffitt*, 11 Pick. 496. *Nelson Judge* v. *Jacques*, 1 Greenleaf, 145.

III. The court erred in not ruling and charging the jury that the defendant, administrator, by rendering his account of his administration on said estate, on the 19th day of January, A. D. 1863, and which came before the Court of Probate for settlement on the 14th day of February, A. D. 1863, and by being examined on oath thereon, and by again rendering his account for settlement to said Court of Probate, on the 19th day of January, A. D. 1864, and having the same received and considered by said court, from time to time, before suit was commenced on said bond, suit on said bond not having been commenced till March 7, A. D. 1864, did comply with the condition of said bond, and the law relative to the rendering of accounts by administrators when cited ; or, in other words, in not ruling and instructing the jury that if said defendant, administrator, did present an account of his administration to said Court of Probate, at any time after he was cited so to do, and before suit was commenced on said bond, and the Court of Probate did receive the same and take jurisdiction thereof, so far as the facts heretofore stated show, it was a compliance with the condition of said bond, of the law in respect to rendering administrators accounts, and that the plaintiffs could not recover in this suit, as there was no other breach in issue in this suit, and in ruling the contrary. *Sturtevant* v. *Tallman*, 27 Maine, 78.

Against the motion and in behalf of the plaintiffs, WINGATE HAYES argued upon the following brief :—

I.   The first exception is to the ruling of the court in refusing to non-suit the plaintiffs because they did not prove affirmatively, and as a condition precedent, that the bond required to be given, securing the Court of Probate against expenses and costs, had been approved or voted satisfactory by said court.   1. It was proved that a bond, in due form of law,— the original being offered in court at the trial—was found by the new Probate Clerk among the papers in this case, delivered to him by his predecessor.   a. Being so found, the presumption is that it came there properly, and had been duly received by the court.   The receiving of the bond by the court is a sufficient approval of it, and no formal vote of approval was necessary.   b. The Supreme Court, being the Supreme Court of Probate of the State, will take notice of the practice of the Courts of Probate in the several towns; and no such ·practice as a formal vote of approval of said bonds as the one in question, prevails.   c. Nor does the law require it, as is alleged in the defendant's exception.   Chap. 193, Sec. 15, of Rev. Stat. d. No such practice obtains in the Supreme Court.   Plaintiffs are often required to give further surety on the writ, bringing their action into court—an endorser satisfactory to the court, else the case must be dismissed with costs for the defendant. Rev. Stat. Chap 179, Sec 2.   The practice is for a new name to be endorsed on the writ, and the court seldom pass an order of approval, and never is there any record or minute of such order made.   2. The record discloses that the pleadings were demurred to by both parties to the case, pleas in abatement filed and disposed of upon other questions, and that finally a single issue of fact was made to the jury.   It is too late for the defendants to avail themselves of an omission by the Court of Probate to formally approve by vote, of the surety bond.   If such approval were necessary, its omission should have been plead in abatement.

II.   The second exception is based upon the refusal of the court to instruct the jury that, after the defendant, administrator, had committed a breach of the bond, by refusing to render and settle his account when duly cited thereto, on the 11th day

of October, 1862, the Court of Probate had waived such breach by its subsequent conduct in again citing the administrator, &c., as stated in the exception. In this respect the court did not err. 1st. Passing over the question whether if there had been a breach of the administration bond, the right to recover upon the same had not vested in the creditor, and whether the Court could waive that right—it was certainly a question of fact for the jury to determine as to the intent of the Probate Court, as it was to be inferred from its subsequent action. The issue was, whether or not there had been a breach of the bond. The records of the Court of Probate showed such breach. Certain acts of said court were relied upon as a waiver, or from which a waiver could be inferred. Had the suit been between the obligee and obligor in an ordinary bond, and the latter relied upon certain acts of the former as a waiver, would not the question of the meaning of these acts, have been left unhesitatingly to the jury? 2. Were it a question of law, the course pursued by the Probate Court could not be regarded as a waiver. How, after the refusal and neglect of the administrator to render an account, notices from the court for him to do so, and to show cause why he had not done so, and a vote that the reason offered by him was unsatisfactory, and the further vote that the paper presented by him as useless was unsatisfactory, and the removal of him from office for neglect and refusal to account, are in law a waiver, is not very obvious.

III. The third ground of exception is, that there was no breach because the defendant, administrator, rendered an account once, which was voted unsatisfactory, and again, which was postponed to a period after the time of the alleged breach and before suit. 1. The account presented by him on the 14th day of February, 1863, was in law, no *account*, because the court refused to accept it as such. The account afterwards rendered, on the day of his removal from office, was never acted upon, and could not have been after he ceased to be administrator. 2. A breach of the bond was, or was not committed on the 11th day of October, 1862. Any subsequent account rendered by him could not alter the condition or situation of the bond,

and the rights of the parties under it. 3. Though a breach had been committed, it was still the duty of the Court of Probate to ask for an account. a. It was the duty of the administrator to render an account, not only when cited specially by the Court, but at other times, as is pointed out by Chapter 162, of the Revised Statutes. Assets not inventoried coming into the hands of an administrator must be accounted for from time to time, Chapter 162, Section 4, Revised Statutes. b. And the liability of the defendant, in case of default, is to other penalties than that prescribed in his bond, Revised Statutes, Chap. 162, Sec. 3. 4. The doctrine advanced by the defendant is *against* the policy of the law. It is the right and the duty of Courts of Probate to know from time to time how estates are managed. If an administrator may refuse to account once, he may do so any number of times, taking care to have some account in before suit, and as the Court cannot sue a bond, *suo motu*, the administrator may go on, year after year, defying its order, if the creditor be disinclined to sue, or be disabled from suing.

The opinion of the Court was read by BRAYTON, J.

This suit is brought upon the bond executed by the defendant, as administrator on the estate of Amasa A. Eddy, deceased. The parties pleaded to issue. The breach set out by the plaintiff was, that the defendant, though he had been cited by the Court of Probate to account, had neglected and refused so to do, to which the defendant replied, that he had not *refused and neglected to account* with the said Court of Probate, and upon this, issue was joined. This was the only issue to the jury, and their only inquiry was, did the defendant account? It was not necessary, on this issue, to offer the bond in evidence, or to produce it or any evidence in relation to it. The pleading of defendant admits the validity and execution of the bond, and the ability of the plaintiff to sue, and rests his defence, so far as the only issue is concerned, upon the fact that he did account. Whether the bond was originally approved by the Court of Probate, is no part of this issue. The ruling of the Court therefore, that it was unnecessary for the plaintiffs to prove such approval, which is here made a ground for new trial, was not open to objection.

Court of Probate of Glocester *v.* Eddy and others.

Upon the trial of this issue before the jury, the plaintiff put in evidence that the defendant was, on the second day of October, 1862, cited by the Court of Probate, to present his account of administration on said estate, on the 11th day of said October, and that the defendant did not appear before said Court in compliance with said citation, to render any such account. This evidence was relied upon by the plain-tiffs to prove the breach assigned by them in the pleading. It was in evidence on the part of the defendant, upon which he relied to sustain his defence, that, after this failure to account, viz.: on the 11th day of October, 1862, the Court of Probate ordered the defendant to be cited to appear on the second Saturday of the following January, to render his account. Still later, on the 13th day of December, 1862, they ordered the defendant to be cited to appear before said Court, on the 13th day of January, 1863, to show cause why he had neglected to render his account.

That on the 14th day of February, his account which he had filed in the office of the clerk of said court, on the 19th day of January, preceding, was received by said court and continued for consideration to their meeting in March, and notice thereon ordered to be given, and at their meeting in March, was indefi-nitely postponed, the same being, by said Court, deemed imper-fect and unsatisfactory.

That afterwards, on the 2d day of January, 1864, he was, by order of said Court, cited to appear on the second Saturday of said month, and show cause why he had neglected to settle an account; that he appeared at said time, and offered reasons which the Court deemed unsatisfactory; that on the 14th day of Feb-ruary, 1864, said Court received his account which had been filed with the clerk on the 19th day of January, preceding, and referred it for consideration to a meeting to be held in March, fol-lowing, and made another further reference to the 3d Monday of March, and have made no further order or decree concerning the same, and no proceeding has been had by defendant thereon.

Upon this evidence, the defendant asked the Court to instruct the jury, that the Court of Probate, by before recited acts, orders, &c., had waived this breach (if any there were) of the said

bond, in not accounting on the said 11th day of October, 1862, and that therefore the plaintiffs were not entitled to recover. The refusal of the judge to give such instruction, and on the contrary instructing them, that it was not a waiver in law, is made a ground for a new trial.

There was no account settled by the defendant with the Court of Probate. There was no account ever presented to the Court, which seemed to have commended itself to the Court as an account of administration. The first was postponed indefinitely as unsatisfactory and imperfect. The second was never acted upon, except first to refer for consideration to another time, and finally ceased to act upon at all, defendant as well as the Court suffering it to pass from their notice.

An actual settlement and allowance of an account by the Court of Probate, has been adjudged to be waiver of a prior breach, in not accounting. We have been furnished with such as authority. But our request for one which holds that any action of the Court, less than this, is in law, a waiver, has not been answered, and we do not find such a case. The matters put in evidence by the defendant, the citation to account though not complied with at the time, the presentation of an account at a later period, the partial consideration given the one or the other, may be strong evidence for the consideration of the jury, in determining whether there is in fact any intent to overlook the breach already made in the condition of the bond, and give up all idea of suit therefor. The question is one of fact for the jury, and not one of law for the court to determine, and so it was left by the learned judge who heard the cause, and we do not feel warranted in saying that there was any error in the instruction he gave, or in refusing that which was asked of him, or that it furnished any ground for a new trial.

The judge was asked to instruct the jury that the defendant, by rendering an account to the Court of Probate, in January, 1863, which was before the said court in February, 1863, and by rendering his account to said court in January, 1864, which was received and referred for consideration before any suit on the bond, did thereby comply with the condition of said bond, and

with the law relative to rendering accounts when cited. This instruction was refused.

The issue to be tried was, simply, whether the defendant accounted on the 11th day of October, 1862, which the plaintiff alleges he neglected to do, and assigns this neglect as a breach of the bond. This allegation is traversed by denying that he did neglect thus to account. Upon the trial of this issue, we cannot hold that the subsequent proceedings as above set forth are in law conclusive, even if admissible, as evidence of compliance. We cannot therefore sustain this exception. The motion for new trial is therefore overruled.